IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

    Plaintiff,                          No. CIV S-12-0234 MCE GGH P

    vs.

OFFICER FLEMING, et al.

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        By order filed April 23, 2012, the court screened plaintiff's original complaint, finding some claims cognizable and dismissing others with leave to amend. Plaintiff has now filed an amended complaint. By separate order, has identified the colorable claims in plaintiff's amended complaint, and directed service on defendants Matthew Cates; M. McDonald; T. Perez; J. Harrison; W. Harrison; R. Marquez; B. Fleming; G. Brackett; A. Amero; A. Audette; R. St Andre; and A. Murphy.

        The undersigned now recommends that the court dismiss the remaining counts against the remaining defendants, because plaintiff has failed to cure all the deficiencies outlined in the April 23, 2012 order. In particular, the following counts should be dismissed: Counts

1

Two, Three, Four, Five, Nine and Ten.  The following defendants should also be dismissed, as no counts remain against them: F. Foulk; S. Kokkonen; Bryan Kingston; and Bolls.

In particular, as to Count Two, plaintiff alleges that defendants Perez, McDonald, Cates, Harrison, Marquez, and Kingston violated his First Amendment rights by basing his gang validation in part on an article in a newsletter to which plaintiff subscribed.  As noted in the April 23, 2012 order, plaintiff's limited First Amendment right is to receive the newsletter, not to be free of its use against him in an investigation.  The cases cited by plaintiff in his amended complaint do not establish otherwise.

As to Count Three, plaintiff alleges that defendants Fleming, Brackett, Harrison, Audette, Perez, McDonald, St. Andre, Marquez, and Kingston violated his First Amendment rights by using Louis V. Hayes, a known BGF member, as a direct link to validate plaintiff.  Mr. Hayes had previously been a witness for plaintiff in an unrelated civil litigation.  As noted in the April 23, 2012 order, plaintiff has cited no authority articulating a right to call a witness in a civil litigation without fear that his relationship with the witness become evidence in a prison validation hearing, and the cases cited by plaintiff in his amended complaint do not establish otherwise.

As to Count Four, plaintiff alleges that defendants Cates, McDonald, Perez, Fleming, Foulk, Brackett, and St. Andre violates plaintiff's First Amendment rights by promulgating, enforcing, and implementing over-broad regulations, which do not meet the settlement criteria in Castillo v. Terhune.  As noted in the court's April 23, 2012 order, plaintiff has not identified the regulations he claims are over-broad.  Moreover, as also noted, mere violation of the Castillo settlement agreement is not a basis for § 1983 liability.  The cases cited by plaintiff in his amended complaint do not establish otherwise.

As to Count Five, plaintiff alleges that defendants Fleming, Harrison, Brackett, Audette, St. Andre and Murphy violated his First and Fourteenth Amendment rights by using the content of a newsletter plaintiff receives as source material to validate him as a gang member.

As noted in the April 23, 2012 order, plaintiff does not enjoy an unfettered First Amendment right in the content of publications he reads. The cases cited by plaintiff in his amended complaint do not establish otherwise.

As to Count Nine, plaintiff alleges that defendants Fleming, Brackett, Harrison, and Perez intentionally placed false documents in his file in violation of the Eighth and Fourteenth Amendments, causing plaintiff emotional distress. As noted in the April 23, 2012 order, plaintiff has no Fourteenth Amendment right to be free of false documents in his files. Moreover, to the extent plaintiff alleges that the false document, combined with defendants' announcement that plaintiff is a convicted rapist, placed plaintiff in danger, the claim duplicates those made in Counts Six, Seven and Eight.

As to Count Ten, plaintiff appears to allege that defendants Cates, McDonald, Perez, and Bolls, failed to follow state regulations during the hearing convened in connection with plaintiff's placement in administrative segregation. As noted in the April 23, 2012 order, plaintiff has failed to identify a federal due process right which has been implicated by the defendants' conduct. Plaintiff additionally alleges that defendant Perez was motivated to validate him in order to increase plaintiff's sentence. As noted in the April 23, 2012 order, it remains unclear if plaintiff challenges the change in his release date, which challenge may not be subject to the court's § 1983 jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that, for the reasons given in the court's April 23, 2012 order, Counts Two, Three, Four, Five, Nine, and Ten be dismissed; and that defendants F. Foulk; S. Kokkonen; Bryan Kingston; and Bolls be dismissed from this action without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate

3

1 Judge's Findings and Recommendations."  Any response to the objections shall be filed and
2 served within fourteen days after service of the objections.  Plaintiff is advised that failure to file
3 objections within the specified time may waive the right to appeal the District Court's order.
4 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED: October 15, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
chap0234.B3