1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   REX CHAPPELL,

12          Plaintiff,                 No. 2:12-cv-0234 MCE AC P

13      vs.

14   OFFICER FLEMING, et al.           ORDER and

15          Defendants.                FINDINGS AND RECOMMENDATIONS

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action

18   under 42 U.S.C. § 1983.  Defendants have now moved to revoke plaintiff's in forma pauperis

19   status. ECF No. 32.  Plaintiff opposes the motion, and also moves for sanctions against

20   defendants' counsel. ECF No. 34.  For the reasons outlined below, the undersigned recommends

21   that the court grant defendants motion to revoke plaintiff's in forma pauperis status and deny

22   plaintiff's motion for sanctions.

23          **BACKGROUND**

24          Plaintiff filed this action on January 30, 2012, together with an application to

25   proceed in forma pauperis. ECF Nos. 1, 2.  By order filed April 23, 2012, the court granted

26   plaintiff's motion to proceed in forma pauperis. Order, ECF No. 7.  The court additionally

1

1    screened plaintiff's complaint, and found that three of plaintiff's twelve counts stated cognizable

2    claims; the rest were dismissed with leave to amend. Id. at 15.  Plaintiff subsequently filed an

3    amended complaint.  ECF No. 14.  The court dismissed some of the counts (ECF Nos. 16, 24),

4    and ordered the amended complaint served.  ECF No. 15.  In response to the complaint,

5    defendants now move to revoke plaintiff's in forma pauperis status.  ECF No. 32.

6                    **MOTION TO REVOKE IN FORMA PAUPERIS STATUS**

7            Defendants argue that plaintiff's in forma pauperis status should be revoked

8    because, before he filed the instant lawsuit, he had previously filed at least four actions which

9    were dismissed either as frivolous or for failure to state a claim:

10                   (1) Chappell v. Gomez, Case No. 94-cv-1520 (N.D. Cal), dismissed on

11   July 14, 1994, after the screening judge found that the claims made in the complaint were either

12   duplicative, and therefore malicious, or failed to state a claim;

13                   (2) Chappell v. Fried, Case No. 96-cv-0235 (N.D. Cal.), dismissed on

14   February 14, 1996, because "from the face of plaintiff's complaint . . . this court has no personal

15   jurisdiction over the named defendant and venue is improper in this district . . .";

16                   (3) Chappell v. Neubart, Case No. 1:06-cv-1378 (E.D. Cal.), dismissed on

17   July 13, 2010 for failure to state a claim; and

18                   (4) Chappell v. Reed, Case No. 2:02-cv-1706 (E.D. Cal.), dismissed on

19   January 22, 2003, for failure to state a claim.

20           Defendants further argue that plaintiff does not qualify for an imminent danger

21   exception to the statute, because, among other things, he had been transferred to another prison

22   at the time he filed the complaint, and had been placed in segregated custody.

23           Plaintiff concedes that Neubarth and Reed are strikes, but contends that both

24   Fried and Gomez have been found in two prior cases not to qualify as strikes.  The two prior

25   cases plaintiff identifies are: (1) Chappell v. Pliler, 2:04-cv-1183 LKK DAD (Findings and

26   Recommendations entered December 20, 2006); and (2) Chappell v. T. Perez, 2:09-cv-1465

1    GEB KJM (Magistrate Judge Order dated April 25, 2011 denying defendants' vexatious litigant

2    motion).

3              Plaintiff argues that Fried was dismissed because it was filed in the wrong court,

4    and that such a dismissal on procedural grounds cannot be used as a strike.  As to Gomez,

5    plaintiff contends that the case was not dismissed or for failure to state a claim, because the

6    dismissal order reads "that plaintiff could bring his claim again if he could prove that CDC

7    officials were placing his life in danger by falsely accusing him of being a gang member."  ECF

8    No. 34 at 6.  Plaintiff claims that he did so prove in an administrative grievance, obviating the

9    need for a subsequent civil action, and that prison officials' response to his grievance, by

10   deleting a statement about gang membership from a disciplinary report, is proof that he had a

11   factual and legal basis for filing the Gomez complaint.  Id.

12             Finally, plaintiff disputes defendants' contention that he was not in imminent

13   danger at the time he filed the complaint.  Plaintiff appears to argue that he will be beaten,

14   stabbed, or killed because he has been convicted of rape, because the CDCR has placed a "R"

15   suffix on his paperwork, and because the Black Gorilla Family (BGF), a prison gang, would

16   require plaintiff to show his "paperwork" (meaning his commitment offense, and most recent

17   CDC-114-D and CDC-128-G), upon being placed in a building, section, or cell of any prison.

18   See ECF No. 34 at 8-13.  Plaintiff appears to argue that his transfer to another prison is

19   accordingly not relevant to any determination that he is in imminent danger.

20             **DISCUSSION**

21             28 U.S.C. § 1915 generally permits any court of the United States to authorize the

22   commencement and prosecution of any suit without prepayment of fees by a person who submits

23   an affidavit indicating that the person is unable to pay such fees.  However, the Prison Litigation

24   Reform Act ("PLRA") provides, in relevant part,

25                  [i]n no event shall a prisoner bring a civil action or appeal a
                    judgment in a civil action or proceeding under this section if the
26                  prisoner has, on 3 or more prior occasions, while incarcerated or

3

1

2

3

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4   28 U.S.C. § 1915(g); see also Andrews v. King, 398 F.3d 1113, 1115-16 (9th Cir. 2005).

5   The plain language of the statute makes clear that a prisoner is precluded from

6   bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous

7   actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169

8   F.3d 1176, 1178 (9th Cir. 1999).  When the defendant challenges a prisoner's right to proceed

9   IFP, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g)

10  bars the plaintiff's IFP status.  Once the defendant has made out a prima facie case, the burden

11  shifts to plaintiff to persuade the court that § 1915(g) does not apply.  Andrews, 398 F.3d at

12  1116.

13  In this case, court records[1] reflect that at least three actions filed by plaintiff were

14  dismissed for failure to state a claim before plaintiff filed the instant action in 2012.

15  Plaintiff Has Three Strikes

16  As noted above, plaintiff does not dispute that Neubarth and Reed are strikes. The

17  undersigned has reviewed the orders at issue, and has confirmed that (1) Neubarth was dismissed

18  on July 13, 2010 for failure to state a claim upon which relief can be granted (ECF No. 32-2,

19  Exs. E, F); and (2) Reed was dismissed on January 21, 2003 for failure to state a claim (ECF No.

20  32-3, Exs. G, H).

21  Fried is not a strike.  The district court in Fried did not reach the merits of

22  plaintiff's complaint, instead dismissing the action without prejudice for lack of personal

23  jurisdiction and for incorrect venue.  ECF No. 32-3 at Ex. D.  The procedural defect presented

24

25

26

---

[1] Defendants have requested that the court take judicial notice of these court records.  See Notice and Request to Take Judicial Notice, ECF No. 32-2.  This request will be granted. Fed. R. Evid. 201; see also Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1    here is not of a type that renders plaintiff's *claim* incapable of supporting relief; rather, the case

2    was dismissed because the particular *court* in which it was filed lacked the ability to provide the

3    requested relief.  For this reason, the dismissal cannot fairly be construed as resting on grounds

4    that the complaint "failed to state a claim upon which relief may be granted."  Accordingly, the

5    undersigned declines to label Fried as a strike under 28 U.S.C. § 1915(g).

6            Gomez is a strike.  The dismissal order, signed by Judge Smith on July 14, 1994,

7    reads that: (1) plaintiff's allegations that he has been wrongly accused of being a gang member,

8    and that his safety has been endangered, state no more than a claim for harassment or

9    defamation, which are not cognizable under section 1983; (2) plaintiff's allegations that he has

10   been wrongly placed in administrative segregation do not include facts to support a claim that he

11   has been denied due process as a result of his alleged gang membership, and is not cognizable

12   under section 1983; (3) plaintiff's allegations that his life was threatened because of actions

13   taken by certain officers is duplicative of allegations raised in another action, and was subject to

14   dismissal under 28 U.S.C. section 1915(d)[2] as malicious; and (4) plaintiff's retaliation claims

15   were dismissed because the allegations were not supported by plaintiff's own statements and

16   exhibits.  ECF No. 32-3, Ex. B.  The court concluded:

17           As the court finds that plaintiff's claims are either duplicative of
             those raised in other legal proceedings or clearly lacking any
18           factual or legal basis, the Court is constrained to dismiss plaintiff's
             complaint in its entirety pursuant to 28 U.S.C. § 1915(d).  Such
19           dismissal precludes plaintiff from raising these same claims again
             by way of unpaid complaint but does not preclude him from filing
20           a new unpaid complaint if he can show that prison officials are
             aware that plaintiff faces a substantial risk of serious harm and that
21           they are disregarding that risk by failing to take reasonable
             measures to abate it.

22   Id.

23   ////

24

25       [2]  The statute in effect on July 14, 1994 read: "(d) the court may request an attorney to
     represent any such person unable to employ counsel and may dismiss the case of the allegation
26   of poverty is untrue, or if satisfied that the action is frivolous or malicious."

1    The undersigned notes that, in at least two other cases in this district, <u>Gomez</u> has

2    been labeled a strike: (1) <u>Chappell v. Braswell</u>, 1:04-cv-6197 OWW WMW P, ECF Nos. 6, 9[3];

3    and (2) <u>Chappell v. Scribner</u>, 1:04-cv-6368 REC LJO P, ECF Nos. 6, 8.[4]

4    Plaintiff directs the court to two other cases, as noted above, in which he claims

5    <u>Gomez</u> was labeled not a strike.  These cases are not persuasive.  In <u>Pliler</u>, entered December 21,

6    2006, the magistrate judge found that <u>Gomez</u>

> was dismissed on July 14, 1994 for reasons that are not entirely
> clear.  The docket entry reads as follows: "ORDER by Judge Fern
> M. Smith, the Court finds that the claims are duplicative or lacking
> in legal basis thus dismissing case." (Def's' Motion to Dismiss,
> Attach. 4) The undersigned accepts plaintiff's explanation that he
> had filed an original complaint earlier and when he subsequently
> sent copies for the defendants a new action was opened in error
> and then dismissed as duplicative.  A pleading filed in error and
> dismissed as duplicative cannot be dismissed as a strike.

12   Case No. 2:04-cv-1183 LKK-DAD , Findings and Recommendations filed Dec. 21, 2006, ECF

13   No. 18, at 5.

14   A review of the record before the court in <u>Pliler</u> confirms that the court in that

15   case did not have a copy of the July 14, 1994 order before it, and accordingly could not

16   determine the basis for the July 14, 1994 dismissal.  Determination whether a dismissal counts as

17   a strike turns on "careful evaluation of the order dismissing an action . . ." <u>Andrews</u>, 398 F.3d at

18   1121.  It appears that the defendant in <u>Pliler</u> failed to meet her burden of establishing a prima

19   facie case that the <u>Gomez</u> dismissal constituted a strike.  <u>See</u> <u>Andrews</u>, 398 F.3d at 1116.  In the

20   instant case, the undersigned has the benefit of the July 14, 1994 order in the record, and can

21   determine that the district court did not merely dismiss an erroneously filed complaint, but

22

---

23   [3] In <u>Braswell</u>, plaintiff filed an appeal with the Ninth Circuit.  ECF No. 12.  The appeal
was eventually dismissed after the Court of Appeals directed plaintiff to pay the filing fees, and
24   he failed to do so.  ECF No. 16.

25   [4] In <u>Scribner</u>, plaintiff filed an appeal with the Ninth Circuit.  ECF No. 9.  The Court of
Appeals denied plaintiff's motion to proceed in forma pauperis (ECF No. 15), and the appeal
26   was eventually dismissed after plaintiff failed to pay the fees as ordered (ECF No. 16).

1    instead dismissed plaintiff's action as frivolous and malicious under the then-applicable standard

2    articulated at 28 U.S.C. § 1915(d).

3            The second case to which plaintiff refers the court, <u>Perez</u>, also fails to support

4    plaintiff's position.  <u>See</u> Case No. 2:09-cv-1465 GEB KJN, Order filed April 26, 2011, ECF No.

5    39.  In <u>Perez</u>, defendants moved the court to declare plaintiff a vexatious litigant as that term is

6    defined under California law, and to require plaintiff to post security.  The <u>Perez</u> court disagreed

7    with defendants that there was no reasonable probability that plaintiff would prevail on his

8    substantive claims, and so did not address the remaining issue of whether plaintiff was a

9    vexatious litigant.  In addition, the court in <u>Perez</u> never commented on whether plaintiff had

10   three strikes, and made no finding that <u>Gomez</u> was not a strike.

11           Plaintiff's additional argument, that he had a factual and legal basis for the claims

12   raised in <u>Gomez</u>, is unavailing (not to mention a departure from the explanation he provided to

13   the <u>Pliler</u> court.)  If plaintiff wished to challenge the <u>Gomez</u> court's determination, the

14   appropriate method to do so would be through an appeal of the dismissal.  The record reflects

15   that plaintiff failed to appeal.

16           The undersigned accordingly finds that the July 14, 1994 <u>Gomez</u> order should

17   count as a strike under 28 U.S.C. § 1915(g).

18           Imminent Danger

19           Under the PLRA, prisoners who have three complaints dismissed under section

20   1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are "under

21   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  <u>See</u> <u>also</u> <u>Lopez v. Smith</u>, 203

22   F.3d 1122, 1129 (9th Cir. 2000).  To satisfy the exception, plaintiff must have alleged facts that

23   demonstrate that he was "under imminent danger" at the time of filing the complaint.  <u>Andrews</u>

24   <u>v. Cervantes</u>, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

25           Section 1915(g) does not explicitly read that the imminent physical danger

26   alleged in order to overcome section 1915(g)'s bar must also be the subject of the complaint, and

7

1   the Ninth Circuit has not addressed the issue.  However, at least one circuit court has determined

2   that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain

3   IFP status and the legal claims asserted in the complaint.  See Pettus v. Morgenthau, 554 F.3d

4   293, 297 (2d Cir. 2009).  "In deciding whether such a nexus exists, we will consider (1) whether

5   the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly*

6   *traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial

7   outcome would *redress* that injury.  The three-strikes litigant must meet both requirements in

8   order to proceed IFP."  Id. at 298-99 (emphases in original).

9               Plaintiff summarized his action as follows:

10              This action arises from High Desert State Prison (I.G.I.) Officials
                fabricating/falsification of legal documents for the sole purpose of
11              adverse actions against plaintiff for his engaging in constitutionally
                protected conduct (litigation).  These malicious act's [sic] by
12              defendants cause plaintiff to be wrongly placed and retained in the
                (SHU), "for an indeterminate term," on the basis of gang
13              affiliation/membership.  Defendants have wrongly/(but
                intentionally) placed and retained plaintiff in the (SHU);. . . .

14

15   Complaint, ECF No. 1, ¶ 16.

16              In his opposition, plaintiff does not direct the court to that point in his Complaint

17   where he describes the imminent danger he faced at the time he filed the action.  The court's own

18   review reflects that, at Count Eight of the Complaint, plaintiff claims that defendants Fleming,

19   W. Harrison, Brackett, and Audette told forty-plus inmates in the dayroom that plaintiff is a

20   rapist, and taunted him by saying that "when the OCS validated him, we're gonna put him in a

21   cell with BGF so they can take care of him."  ECF No. 1 at 44.  Plaintiff also claims that

22   defendant Perez placed in plaintiff's file a chrono that plaintiff is only to be housed with BGF

23   members.  Id.  Plaintiff claims that Perez did this to follow up on his threat to have plaintiff

24   killed.  Id.

25              One of plaintiff's prayers for relief is "cease attempting to place plaintiff in a cell

26   with a BGF gang member, because I'm not BGF, and is convicted of rape, to place him in a cell

1 with a BGF would be a formula for serious injury or worse. . . ." ECF No. 1 at 49.  However, the

2 complaint does not allege that he was placed with a BGF member at his current prison, or that

3 any attempt was made to place him with a BGF member at his current prison. Cf. Complaint,

4 ECF 1-1, Ex. J-1 at 58-59 (plaintiff advised Committee that he did not and never has had any

5 safety concerns based on "R" suffix or validation; plaintiff's May 10, 2011 ICC/SHU 180 day

6 review reflects that plaintiff is on double cell status with validated BGF members/associates

7 only).

8                Construing plaintiff's complaint, as well as his opposition, as broadly as possible,

9 plaintiff appears to allege that he may suffer physical harm from other prisoners because he is a

10 rapist, because some of the defendants/officers have advised other prisoners that plaintiff is a

11 rapist, and because some of the defendants/officers have placed information in plaintiff's file

12 identifying him as a rapist.  Defendants also threatened to house plaintiff with members of a

13 gang who will require plaintiff to show his papers, thereby disclosing his identity as a rapist.

14                Plaintiff identifies a current threat from a Mexican prisoner who "has put the

15 word out that plaintiff disrespected Mexican's [sic]". See ECF No. 34 at 11; see also

16 "Inmate/Parolee Request for Interview, Item or Service" dated Feb. 11, 2013 and Feb. 27, 2013,

17 ECF No. 34 at 24-25 (Mexican Mafia members discussing with staff that plaintiff is a rapist).

18                Plaintiff's legal claims, as raised in the complaint, do not establish a nexus

19 between the unlawful conduct and the perceived threat to plaintiff's safety.  The court can find

20 nothing in the current record to reflect that defendants advised anyone at Tehachapi, plaintiff's

21 current prison, that plaintiff is a rapist, or that anyone at Tehachapi is conspiring with defendants

22 to have plaintiff placed with a BGF member.  Instead, the threats to plaintiff's safety, either from

23 the BGF or the Mexican Mafia, appear to relate to his conviction and status as a rapist. See ECF

24 No. 34 at 10 (plaintiff alleges that, in CDCR, rapists are marked for assault, and that CDCR

25 places an "R" suffix on paperwork of those convicted of rape).  A favorable judicial action

26 cannot redress the threat plaintiff describes, as even if plaintiff were successful in this action, he

1  would remain a convicted rapist.  See Pettus, 554 F.3d at 298-99.

2  **PLAINTIFF'S MOTION FOR SANCTIONS**

3  Plaintiff requests that the court sanction counsel for defendants, alleging that the

4  motion to revoke plaintiff's in forma pauperis status is frivolous and unfounded.  As described

5  above, the undersigned has determined that the motion should be granted, and so will not

6  recommend that the court sanction defendants' attorney on those grounds.

7  In accordance with the above, IT IS HEREBY ORDERED that:

8  1.  Defendants' request for judicial notice (ECF No. 32-2) is granted.

9  IT IS HEREBY RECOMMENDED that

10  1.  Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 32)

11  be granted;

12  2.  Plaintiff's in forma pauperis status be revoked;

13  3.  The court's April 23, 2012 order granting plaintiff's motion to proceed in

14  forma pauperis be vacated;

15  4.  Plaintiff be required to pay the $350.00 filing fee for this action in full within

16  twenty-eight (28) days from the date of service of this order;

17  5.  Plaintiff's failure to comply with this order result in dismissal of this action for

18  failure to pay the filing fee; and

19  6.  Plaintiff's motion for sanctions (ECF No. 34) be denied.

20  These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight

22  (28) days after being served with these findings and recommendations, any party may file written

23  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

24  Findings and Recommendations."  Any response to the objections shall be filed and served

25  within twenty-eight (28) days after service of the objections.  Failure to file objections within the

26  ////

10

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: May 16, 2013

4

5                                                                      ALLISON CLAIRE
                                                              UNITED STATES MAGISTRATE JUDGE

6

7

8  AC:rb
   chap0234.revoke

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11