1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>                    Plaintiff,<br><br>         v.<br><br>OFFICER FLEMING, et al.,<br><br>                    Defendants. | No.  2:12-cv-0234 MCE AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) Defendant Murphy's motion to dismiss for failing to exhaust administrative remedies (ECF No. 54); (2) a separate motion to dismiss filed by Defendant Murphy for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 51); and (3) the remaining eleven defendants' motion to dismiss for failure to state a claim (ECF No. 42).  Plaintiff has opposed all three motions to dismiss (ECF Nos. 64, 65, 67) and defendants have replied (ECF Nos. 66, 68, 69).  The pending motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons discussed below, the undersigned recommends that the motions be denied in part and granted in part.

I.      Allegations of the Amended Complaint

        This action proceeds on the first amended complaint (ECF No. 14).  Four defendants and

1

1  six claims have previously been dismissed.  See ECF Nos. 24 (Order adopting Findings and

2  Recommendation); 16 (Findings and Recommendation).  The twelve remaining defendants,

3  movants here, are correctional officers and institutional gang investigators at High Desert State

4  Prison (HDSP), and California Department of Corrections and Rehabilitation (CDCR) officials.

5      Plaintiff alleges that certain defendants violated his First Amendment rights by validating

6  him as a member of the Black Guerilla Family prison gang ("the BGF") and placing him in the

7  SHU for an indeterminate term, all in retaliation for his filing of prior lawsuits against prison

8  officials and based on the way plaintiff talked to defendant Harrison after a prison riot.  ECF No.

9  14 at 34, 38-39.[1]  Plaintiff further alleges that certain defendants conspired to validate him and

10  fabricated evidence against him in support of the validation because, among other things, he had

11  filed a lawsuit against a prison official.  ECF No. 14 at 39.  Plaintiff also raises a Fourteenth

12  Amendment challenge to the sufficiency and reliability of the evidence used to validate him as a

13  gang member.  ECF No. 14 at 43.  Separate and apart from his gang validation, plaintiff also

14  alleges that certain defendants endangered his life in violation of the Eighth Amendment by

15  disclosing to other prisoners that plaintiff had suffered a prior conviction for rape.  ECF No. 14 at

16  40-41.

17  II.    Motions to Dismiss Pursuant to Rule 12(b)(6)

18      Defendant Murphy argues that he should be dismissed from this civil action because the

19  amended complaint fails to state either an Eighth Amendment or a First Amendment claim upon

20  which relief can be granted.  ECF No. 51 at 3.  The only count in the amended complaint in which

21  defendant Murphy is named alleges that Murphy fabricated a CDC-1030 form on May 11, 2009

22  which was placed in plaintiff's central file at the request of defendants Fleming and Brackett.

23  ECF No. 14 at 32, 39-40.  Plaintiff alleges that this evidence was fabricated in order to retaliate

24  against him for his prior civil lawsuits against CDCR officials and/or his 2001 grievance against

25  defendant Murphy.  Id. at 32, 39.  Defendant Murphy argues that "[t]o the extent that plaintiff

26  attempts to allege that Murphy conspired with Fleming and Brackett to forge records, the

27

28  _____
[1] Citations to court documents refer to the page numbers assigned by the court's electronic
docketing system and not those assigned by the parties.

2

1    amended complaint fails to meet the strict pleading requirements for conspiracy." ECF No. 51 at

2    7. The amended complaint fails to state an Eighth Amendment claim with respect to defendant

3    Murphy because he was not present at High Desert State Prison on October 26, 2009 when other

4    defendants allegedly placed plaintiff's life in danger by informing an entire cell block about

5    plaintiff's prior rape conviction. ECF No. 51 at 5. Furthermore, according to defendant Murphy,

6    the amended complaint does not allege that he took any adverse action against plaintiff that would

7    cause a chilling effect on plaintiff's First Amendment rights because nowhere in the amended

8    complaint does it explain what a CDC-1030 is, or what role, if any, it played in plaintiff's

9    validation." ECF No. 51 at 8. Defendant Murphy also argues that plaintiff has failed to state a

10   valid retaliation claim because his classification as a gang member furthered the legitimate

11   penological purpose of stopping gang activity. ECF No. 51 at 8-9.

12        The remaining eleven defendants also move for dismissal pursuant to Rule 12(b)(6). ECF

13   No. 42. With respect to plaintiff's due process challenge to his gang validation, defendants Cates,

14   McDonald, Perez, J. Harrison and Marquez argue that he fails to state a claim because the

15   documents attached to the amended complaint indicate that he received notice and an opportunity

16   to respond to his gang validation and that it was based on "some evidence." ECF No. 42-1 at 4-9.

17        Defendants Cate, McDonald and Perez further submit that the amended complaint fails to

18   establish their personal participation in the alleged violation of plaintiff's constitutional. ECF No.

19   42-1 at 9-10. The mere fact that these defendants worked in a supervisory capacity is not

20   sufficient to state a claim under Section 1983. Id. at 10. Additionally, because there was some

21   evidence supporting plaintiff's gang validation and because validation advanced a legitimate

22   penological purpose, defendants argue that plaintiff has failed to state a claim for retaliation under

23   the First Amendment. ECF No. 42-1 at 10-11.

24        Defendants Brackett, Amero, Perez, Audette, and Harrison assert that the amended

25   complaint fails to establish that their actions were motivated by a retaliatory animus or responsive

26   to protected conduct. ECF No. 42-1 at 11-12. As an additional ground to grant the motion to

27   dismiss, defendants assert that the vague and conclusory assertions of a conspiracy are not

28   sufficient to meet the heightened pleading requirements of a conspiracy claim under Section

1 | 1983. ECF No. 42-1 at 12-13.

2 |       With respect to the Eighth Amendment claim for placing plaintiff's life in danger by

3 | announcing to other prisoners that he was a rapist, defendants Fleming, Harrison, Brackett, and

4 | Audette argue that the exhibits attached to the amended complaint establish otherwise. ECF No.

5 | 42-1 at 13-15. Plaintiff admits in the exhibits that prison inmates read his transcripts twenty years

6 | ago and that if his prior rape conviction actually placed him in danger he "would've ended up

7 | stabbed or dead 30 years ago." ECF No. 42-1 at 13 (quoting ECF No. 14 at 54). The Eighth

8 | Amendment claim should also be dismissed because plaintiff has failed to allege any actual

9 | injury, and is also moot due to his subsequent transfer to California Correctional Institute (CCI).

10 | ECF No. 42-1 at 14. At most, defendants assert, plaintiff's Eighth Amendment claim establish

11 | only a generalized fear or an emotional injury that is not sufficient under Section 1997e(e) of the

12 | Prison Litigation Reform Act (PLRA). Id. at 14.

13 |       For the first time in their reply, defendants assert a brand new basis upon which to dismiss

14 | plaintiff's amended complaint. See ECF No. 66 at1-2, 6-7. Defendants contend that plaintiff's

15 | retaliation claim is Heck barred because plaintiff is seeking to expunge his gang validation and

16 | thereby invalidate or reduce his current term of imprisonment. See Heck v. Humphrey, 512 U.S.

17 | 477 (1994). The basis for a Heck challenge was apparent from the time that plaintiff filed his

18 | amended complaint. See ECF No. 14 at 44-46 (prayer for relief); see also ECF No. 7 at 4-5

19 | (original screening order). This theory was therefore available to defendants at the time they filed

20 | their original motion to dismiss. By waiting until their reply to raise the issue, they foreclosed

21 | plaintiff's ability to respond. Such sand-bagging of a pro se plaintiff will not be condoned by this

22 | court. For this reason, the undersigned declines to address the issue at this time.

23 | III.    Standards Governing a Motion to Dismiss

24 |       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

25 | sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

26 | 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

27 | sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

28 | F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a

1    complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it

2    must contain factual allegations sufficient to "raise a right to relief above the speculative level."

3    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain

4    something more ... than ... a statement of facts that merely creates a suspicion [of] a legally

5    cognizable right of action."  Id., (quoting 5 C. Wright & A. Miller, Federal Practice and

6    Procedure § 1216, pp. 235–236 (3d ed.2004)).  "[A] complaint must contain sufficient factual

7    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

8    556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

9    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

10   that the defendant is liable for the misconduct alleged."  Id.

11          In considering a motion to dismiss, the court must accept as true the allegations of the

12   complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

13   construe the pleading in the light most favorable to the party opposing the motion and resolve all

14   doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

15   869 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by

16   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a

17   claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts

18   in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S.

19   69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

20   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

21          The court may consider facts established by exhibits attached to the complaint.  Durning

22   v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

23   which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

24   (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed

25   with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

26   court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

27   Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

28   ////

                                                    5

1   IV.     Analysis

2           A.      First Amendment Retaliation Claim

3                   1.      Legal Standards

4           "Within the prison context, a viable claim of First Amendment retaliation entails five

5   basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

6   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

7   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

8   correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  An allegation of

9   retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to

10  support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Adverse

11  action is action that "would chill a person of ordinary firmness" from engaging in that activity.

12  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006).

13                  2.      Sufficiency of the Claim

14          Plaintiff states two distinct factual predicates for his retaliation claim.  First, plaintiff

15  alleges that Officer Fleming informed him that he was going to validate plaintiff based on the

16  surly way in which plaintiff talked to Fleming's partner, defendant Harrison.  See ECF No. 14 at

17  13, 34.  While the amended complaint is full of salty language that plaintiff directed at various

18  CDCR officers and staff, rude and insolent language is not protected conduct under the First

19  Amendment.  See Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).  Even though defendant

20  Fleming's alleged retort was unprofessional, it does not rise to the level of a constitutional

21  violation.  For this reason, the undersigned recommends dismissing this aspect of plaintiff's First

22  Amendment retaliation claim.

23          Plaintiff also alleges in his amended complaint that Defendants Fleming, Brackett, W.

24  Harrison, Amero and Perez "targeted plaintiff for validation of the BGF gang and an

25  indeterminate SHU [term]… solely because of plaintiff exercising protected conduct… [in filing]

26  a criminal complaint against Mike Wright (who used to be their supervisor of I.G.I), and [a] civil

27  action against Defendant Perez…."  ECF No. at 12-13, 21, 34.  According to the verified

28  allegations in the amended complaint, defendant Fleming informed plaintiff that he was going to

6

1  validate him because plaintiff filed a civil suit and criminal complaint against "Mike."  ECF No.

2  14 at 13.  Defendants Brackett and W. Harrison were allegedly present while this statement was

3  made.  Id.  On another occasion Fleming, Brackett, W. Harrison and another officer surrounded

4  plaintiff while Fleming expressly threatened him with retaliatory validation.  ECF No. 14 at 15.

5  Defendant Perez allegedly acknowledged that the officers knew plaintiff was not BGF but

6  intended to validate him anyway because he was a litigator.  ECF No. 14 at 30-31, 38.

7  Defendants Fleming, Brackett, W. Harrison, Amero and Perez all participated in the creation of

8  an evidentiary record to support gang validation despite the fact that plaintiff had no BGF ties.

9  ECF No. 14 at 21-24.  As stated above, the filing of a prison grievance or a civil rights lawsuit is

10  protected conduct under the First Amendment.  Therefore, plaintiff has stated a valid claim of

11  retaliation against these defendants.  For that reason, the undersigned recommends denying these

12  defendants' motion to dismiss for failing to state a First Amendment retaliation claim.

13     B.  Eighth Amendment Claims

14       1.  Legal Standards

15    Prison officials have a duty to take reasonable steps to protect inmates from violence at

16  the hands of other prisoners.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a

17  violation of this duty, the prisoner must establish that prison officials were deliberately indifferent

18  to serious threats to an inmate's safety.  Id. at 834.  However, just like any other claim for

19  damages under § 1983, plaintiff must have suffered an actual injury that "need not be significant

20  but must be more than de minimis."  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

21       2.  Sufficiency of the Claim

22    The factual basis for plaintiff's Eighth Amendment claim is centered on an October 26,

23  2009 incident that occurred in plaintiff's housing unit.  According to plaintiff's verified amended

24  complaint, defendants Fleming, Brackett, W. Harrison, and Audette surrounded plaintiff's cell

25  and ordered him out.  ECF No. 14 at 15-19.  A verbal exchange ensued between the officers and

26  plaintiff, during which defendant Fleming informed the entire cell block that plaintiff was a

27  rapist.  Id. at 17.  Plaintiff alleges that this information placed him in danger of physical attack

28  from other inmates.  Id.  Defendants Fleming, Brackett, W. Harrison, and Audette then ordered

1   plaintiff to strip down in front of the entire cell block and took turns "making [plaintiff] bend over

2   excessive time[s], spreading his buttocks[,] bending over and coughing in [an] attempt to

3   humiliate plaintiff." Id. at 19.

4          These allegations against defendants Fleming, Brackett, W. Harrison, and Audette fail to

5   state an Eighth Amendment claim upon which relief may be granted, because there is no

6   allegation of any actual physical injury. See Oliver v. Keller, 289 F.3d at 627. The exhibits

7   attached to plaintiff's amended complaint undercut his claims of a legitimate fear of physical

8   injury from other inmates who learned about his prior rape conviction. See ECF No. 14-1 at 5-

9   12. First, plaintiff affirmatively represented that the sexual assault case (which he insists was

10  based on a false accusation) was widely known among the inmate population before Fleming's

11  disclosure. ECF No. 14-1 at 10 (factual statement in support of inmate staff complaint) ("I then

12  stated, Everybody knows about my case. I had a nothing white girl. . ."). Second, an affidavit

13  that plaintiff prepared and circulated to other prisoners to sign suggests that plaintiff won his

14  appeal of the conviction, which was also widely known. ECF No. 14 at 59 ("Fleming said, I saw

15  your appeal on the rape. Did you win it? And Chappell stated, 'If I didn't, I would have been

16  stabbed up or dead 30 years ago.'") Finally, the alleged disclosure occurred in 2009 and plaintiff

17  does not describe any resulting physical harm he has suffered since then. At most plaintiff has

18  alleged emotional harm or fear of harm, which is insufficient to state an Eighth Amendment

19  claim. See Oliver v. Keller, 289 F.3d at 629 (plaintiff may not pursue claims for mental and

20  emotional injury). The humiliation that plaintiff suffered as a result of defendants' strip search

21  falls into this same category. Because plaintiff has failed to allege a "substantial risk of serious

22  harm" as a result of the defendants' conduct in informing other inmates of his prior rape

23  conviction, the undersigned recommends granting defendants Fleming, Brackett, W. Harrison and

24  Audette's motion to dismiss this Eight Amendment claim. See Farmer v. Brennan, 511 U.S. 825,

25  832-33 (1994).

26         The court further finds that there are no factual allegations included in the amended

27  complaint or exhibits attached thereto that connect defendants Perez, St. Andre or A. Murphy to

28  the incident on October 26, 2009. Because plaintiff has failed to allege any specific facts

8

1    indicating these defendants' personal involvement, the undersigned recommends dismissing the

2    Eighth Amendment claim as to them.

3           C.       Supervisory Liability

4                1.       Legal Standard

5           Supervisory personnel are generally not liable under § 1983 for the actions of their

6    employees under a theory of respondeat superior.  Accordingly, when a named defendant holds a

7    supervisorial position, the causal link between the individual defendant and the claimed

8    constitutional violation must be specifically alleged.  See  Robertson v. Sichel, 127 U.S. 507,

9    515–516 (1888) ("A public officer or agent is not responsible for the misfeasances or position

10   wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or

11   servants or other persons properly employed by or under him, in the discharge of his official

12   duties"); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,

13   441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations

14   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

15   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Therefore, a "plaintiff must plead

16   that each Government-official defendant, through the official's own individual actions, has

17   violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Ortez v.

18   Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996) (concluding that it was proper to

19   dismiss where there were no allegations of knowledge of or participation in the alleged

20   violation).[2]

21   ////

22

23   [2] Plaintiff does not predicate any claim of supervisory liability on an official policy, practice or
     custom implemented by defendants Cates, McDonald, or Perez.  Therefore, the court does not
24   find it necessary to discuss that theory of supervisory liability.  Compare Ashcroft v. Iqbal, 556
     U.S. 662 (2009) (finding that a supervisor's mere awareness of the discriminatory effects of his or
25   her actions or inaction is not sufficient to state a claim of unconstitutional discrimination); with
     Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (finding that an inmate had adequately stated a
26   claim against the sheriff in his supervisory capacity because the complaint contained "detailed
     factual allegations that go well beyond reciting the elements of a claim of deliberate indifference"
27   and because the "complaint plausibly suggest[ed] that Sheriff Baca acquiesced in the
     unconstitutional conduct of his subordinates….").
28

2.      Sufficiency of the Claim

Defendants Cate and McDonald are named only in Count 11 of plaintiff's amended complaint, which alleges a Fourteenth Amendment due process violation based on insufficient evidence supporting plaintiff's gang validation.  See ECF No. 14 at 43.  In his amended complaint, plaintiff alleges that defendants Cates and McDonald failed to independently investigate the evidence supporting his gang validation and that they "make's [sic] the decision to retain an inmate in (SHU) and for validation."  Id. at 43.  This general and conclusory allegation is not sufficient to demonstrate supervisory liability by either Cates or McDonald.

Plaintiff further attempts to implicate defendants Cates, McDonald, and Perez based on letters he sent to them complaining about the violation of his constitutional rights.  In the letters, plaintiff clearly indicated his intent to include these defendants in a future civil lawsuit in order to obtain additional damages.  See ECF No. 14 at 82-87 (letters to Warden McDonald); 89-91 (letter to Associate Warden Perez stating that "I don't expect you to do anything.  I am making you responsible… so I can sue you again.").  Plaintiff also attaches a memorandum signed by defendant McDonald explaining that plaintiff's November 11, 2009 correspondence concerning allegations of staff misconduct was being returned to plaintiff because it circumvented the CDCR 602 administrative appeal process.  See ECF No. 14 at 81.  These letters do not support an inference that these defendants were involved in or even knew about the alleged constitutional violations when they happened.  Any notice that these defendants received occurred after the alleged retaliatory actions had taken place.  Therefore, the amended complaint fails to allege facts affirmatively linking any actions by defendants Cates, McDonald, and Perez to the asserted First Amendment violation based on letters that they received from plaintiff.  See Johnson v. Duffy, 588 F.2d  740, 743 (9th Cir. 1978) (emphasizing that Section 1983 liability requires "personal participation in the deprivation").

However, plaintiff does specifically allege individual participation by defendant Perez based on statements he purportedly made during a classification hearing on November 5, 2009.  See ECF No. 14 at 29.  According to the amended complaint, Perez told plaintiff "that if we validate a bunch of you guy's gang members, you litigators, we will change your release dates.

10

1   It's a Senate Bill x3-18.  We can't even apply it to inmates that's been locked up (30) years like

2   you have, but we're gonna do it anyway, and by the time you fight it in court, you will have done

3   (3) to (4) extra years."  ECF No. 14 at 30-31.  These allegations, assumed true for the purposes of

4   the instant motion, are sufficient to state a First Amendment retaliation claim against defendant

5   Perez.  For that reason, the undersigned recommends denying the motion to dismiss the First

6   Amendment claim as to defendant Perez, but granting the motion to dismiss as to defendants

7   Cates and McDonald.

8           D.      Due Process

9                   1.      Legal Standard

10          The Fourteenth Amendment's due process clause encompasses both substantive and

11   procedural protections.  See Zinermon v. Burch, 494 U.S. 113, 125-28 (1990).  As a substantive

12   matter, due process requires that gang validations by prison officials be supported by "some

13   evidence."  See Castro v. Terhune, 712 F.3d 1304 n. 4 (9th Cir. 2013) (citing Superintendent v.

14   Hill, 472 U.S. 445, 455 (1985) and Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003)).  The

15   Ninth Circuit has explained that "[u]nder Hill, we do not examine the entire record, independently

16   assess witness credibility, or reweigh the evidence; rather, 'the relevant question is whether there

17   is any evidence in the record that could support the conclusion.'"  Bruce, 351 F.3d at 1287.

18   Procedural due process "requires that the prison officials provide the inmate with 'some notice of

19   the charges against him and an opportunity to present [the inmate's] views to the prison official

20   charged with deciding whether to transfer [the inmate] to administrative segregation" as well as

21   notice of any adverse decision.  Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994); see also

22   Wilkinson v. Austin, 545 U.S. 209, 229 (2005); Greenholtz v. Inmates of Nebraska Penal and

23   Corr. Complex, 442 U.S. 1, 16 (1979).

24                  2.      Sufficiency of the Claim

25          The amended complaint and attached exhibits establish that plaintiff was afforded all of

26   the procedural protections guaranteed by the due process clause, including notice of the gang

27   validation investigation, an opportunity to be heard by the institutional classification committee,

28   and notice of its findings.  See ECF No. 14 at 56, 100; ECF No. 14-1 at 18-28; Cervantes v.

                                                   11

1  Adams, 507 Fed. Appx. 644 (9th Cir. 2013) (unpub.) (affirming the dismissal of due process

2  claims regarding prisoner's gang validation and assignment to the SHU because, even assuming

3  he had a liberty interest in avoiding indeterminate SHU confinement, the facts alleged showed

4  that he received all the process that he was due); Ruiz v. Cate, 436 Fed. Appx. 760, 761 (9th Cir.

5  2011) (same).[3]  Therefore, defendants Cates, McDonald, Perez, J. Harrison, and Marquez's

6  motion to dismiss Count 11 for failing to state a procedural due process claim should be granted.

7         To the extent that the motion also seeks dismissal of Count 11's substantive due process

8  challenge to the sufficiency and reliability of the evidence supporting plaintiff's gang validation,

9  however, the undersigned recommends denying the motion.  First, plaintiff's challenge to the

10  evidence used to validate him is interconnected with plaintiff's claim of retaliation.  Specifically,

11  plaintiff alleges that one of the retaliatory acts taken against him was the fabrication of false

12  evidence to support gang validation.  Because of this relationship between plaintiff's First

13  Amendment retaliation claim, which is proceeding, and plaintiff's challenge to the evidence

14  supporting his gang validation, the undersigned recommends that the motion to dismiss the

15  substantive due process challenge be denied.  For the reasons discussed *supra* in relation to

16  supervisory liability, the undersigned further finds that plaintiff has not stated a colorable

17  substantive due process claim against defendants Cates, McDonald and Perez.  There simply are

18  no factual allegations sufficient to establish these defendants personal involvement in the review

19  of plaintiff's gang validation.  Accordingly, the substantive due process challenge is properly

20  plead only as to defendants J. Harrison and Marquez.

21         E.       Conspiracy Claim

22                 1.       Legal Standard

23         In order to allege a claim of conspiracy under Section 1983, plaintiff must allege facts that

24  demonstrate an agreement or a meeting of the minds amongst the defendants to violate his

25  constitutional rights.  See Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Woodrum v.

26  Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

27

28
---
[3] These unpublished decisions are citable pursuant to Rule 32.1 of the Federal Rules of Appellate Procedure.  See also 9th Cir. R. 36-3.

1       2.      Sufficiency of the Claim

2           Here, plaintiff's conclusory assertions of a conspiracy among the defendants fail to satisfy

3   the requirement of a specific agreement or meeting of the minds.  That is especially so as it relates

4   to defendant Murphy, who was employed at a different prison than the other defendants in 2009

5   when the alleged conspiracy was apparently hatched.  No facts demonstrating the existence of an

6   agreement are pleaded as to any defendant.  Accordingly, the undersigned recommends

7   dismissing the conspiracy claim as to all defendants because plaintiff has failed to state a claim

8   upon which relief may be granted.

9   V.      Motion to Dismiss for Failure to Exhaust Administrative Remedies

10          Defendant Murphy also moves for dismissal of the amended complaint under Rule 12(b),

11  on the ground that plaintiff failed to exhaust his administrative remedies as required under 42

12  U.S.C. § 1997e(a).  See ECF No. 54.  Because the undersigned has concluded that plaintiff has

13  failed to state an Eighth Amendment claim against Murphy, the court finds it unnecessary to

14  address the separate motion to dismiss for failure to exhaust administrative remedies.  Likewise,

15  the undersigned finds it unnecessary to address defendant Murphy's contention that the claim

16  against him is time-barred.  See ECF Nos. 68 at 3-4.

17  VI.     Conclusion

18          For the reasons explained above, IT IS HEREBY RECOMMENDED that:

19          1. Defendant Murphy's motion to dismiss (ECF No. 51) be GRANTED for failing to state

20  an Eighth Amendment or a retaliation/conspiracy claim upon which relief can be granted;

21          2. Defendant Murphy's motion to dismiss for failing to exhaust administrative remedies

22  (ECF No. 54) be DENIED AS MOOT based on the court's recommendation to dismiss defendant

23  Murphy on other grounds;

24          3. The remaining defendants' motion to dismiss (ECF No. 42) be GRANTED IN PART

25  and the following claims dismissed:

26          a.  Plaintiff's First Amendment retaliation claim against Defendant Fleming based

27  on the allegation that Fleming validated plaintiff as a gang member because of plaintiff's use of

28  derogatory language;

13

b.  Plaintiff's Eighth Amendment claim as to Defendants Fleming, Brackett, W. Harrison, Audette, Perez, and St. Andre;

c.  Plaintiff's procedural due process claim against Defendants Cates, McDonald, Perez, J. Harrison and Marquez;

d.  Plaintiff's substantive due process claim against Defendants Cates, McDonald, and Perez;

e.  Plaintiff's First Amendment retaliation claim against Defendants Cates and McDonald; and

f.  Plaintiff's conspiracy claims as to all remaining defendants

4.  The defendants' motion to dismiss (ECF No. 42) be DENIED IN PART as to the following claims only:

a.  Plaintiff's First Amendment retaliation claim against Defendants Fleming, Brackett, W. Harrison, Amero, and Perez;

b.  Plaintiff's substantive due process claim against Defendants J. Harrison and Marquez; and

5.  Defendants Fleming, Brackett, W. Harrison, Amero, Perez, J. Harrison, and Marquez be ordered to file an answer to the claims identified in the previous paragraph within thirty days of the district judge's review and adoption of these Findings and Recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Due to the exigencies of the court's calendar, there will be NO EXTENSIONS OF TIME GRANTED in which to file objections. Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////

////

14

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: February 25, 2014

4  <u>*Allison Claire*</u>

5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28