1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>            Plaintiff,<br><br>       v.<br><br>B. FLEMING, et al.,<br><br>            Defendants. | No.  2:12-cv-0234 MCE AC P<br><br><br>AMENDED ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the court is defendants' fully briefed motion for summary judgment.  ECF No. 84.

In his first amended complaint, plaintiff alleges that his validation as a member of the Black Guerilla Family was based on insufficient and falsified evidence and that the falsified evidence was created in retaliation for his filing of lawsuits against prison employees.  ECF No. 14.  Plaintiff claims that as a result of the validation and Senate Bill X3-18,[1] his 2012 release date was extended by five years.  Id. at 46; ECF No. 97 at 6-7.  Part of the relief he seeks is to have his gang validation overturned and expunged and his 2012 release date restored.  ECF No. 14 at 45-46.

---

[1]  Senate Bill X3-18 is Senate Bill 18 from the California 2009 Legislative Service, Third Extraordinary Session.

1           Senate Bill X3-18 amended California Penal Code § 2933.6(a) so that inmates who were housed in a security housing unit and validated as a prison gang member could not accrue work time credits and went into effect on January 25, 2010.  2009 Cal. Legis. Serv. 3rd Ex. Sess. Ch. 28 (S.B. 18) (West); see also Gomez v. Lewis, No. 12-cv-02338-JD, 2015 WL 5029165, at *1, 2015 U.S. Dist. LEXIS 112584, at *1-2 (N.D. Cal. Aug. 25, 2015) (summarizing changes made to Cal. Penal Code § 2933.6(a) as a result of Senate Bill X3-18).  Senate Bill X3-18 also led to the amendment of 15 C.C.R. § 3044(b)(6) to allow inmates assigned to a security housing unit to accrue one day of credit for each day served as opposed to the previous one day credit for two days served.  2010 CA REG TEXT 214330 (Netscan) (Feb. 12, 2010).  Evidence before the court shows that up to the date of his validation on March 10, 2010, plaintiff was earning work time credits at a rate of one day of credit for each day served.  ECF No. 97 at 26-27.

           The Ninth Circuit Court of Appeals recently held that the amended § 2933.6 violates the Ex Post Facto Clause as applied to prisoners "who committed their underlying criminal conduct before the amendment's enactment." Hinojosa v. Davey, -- F.3d --, 2015 WL 5655883, at *9, 2015 U.S. App. LEXIS 17002, at *28 (9th Cir. Sept. 25, 2015).  The Ninth Circuit ordered the district court to issue a writ of habeas corpus directing the state to release the petitioner "on the date he would have been released under the version of § 2933.6 that was in place prior to January 25, 2010." Id. at *9; 2015 U.S. App. LEXIS 17002, at *28-29.

           Accordingly, IT IS HEREBY ORDERED that defendants must file a supplemental brief within fourteen days of the filing of this order addressing what impact, if any, Hinojosa and the amendment to 15 C.C.R. § 3044(b)(6) have on their argument that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff is not required to respond to defendants' supplemental brief.  However, any response filed within seven days of defendants' supplemental brief will be considered.

DATED: October 6, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE