UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX CHAPPELL,

         Plaintiff,

   v.

B. FLEMING, et al.,

         Defendants.

No. 2:12-cv-0234 MCE AC P

FINDINGS & RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' fully briefed motion for summary judgment. ECF No. 84.

I.    Procedural History

    Plaintiff filed his original complaint on January 22, 2012.[1] ECF No. 1. Upon screening, the previously assigned magistrate judge found that three of plaintiff's twelve counts stated a claim. ECF No. 7 at 15. The remaining claims were dismissed with leave to amend. Id. Plaintiff was given the option of filing an amended complaint or proceeding on the complaint as screened. Id. at 16-17. Plaintiff filed a first amended complaint on August 1, 2012. ECF No. 14. The court

---

[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

found that the following counts stated a claim for relief: (1) Count One against defendants Fleming, Brackett, W. Harrison, Amero, and Perez for retaliation in violation of the First Amendment; (2) Count Six against defendants Fleming, Harrison,[2] Brackett, Audette, and Perez for placing plaintiff's safety in danger in violation of the Eighth Amendment; (3) Count Seven against defendants Fleming, W. Harrison, Brackett, Audette, St. Andre, and Murphy for placing plaintiff's safety in danger in violation of the Eighth Amendment; (4) Count Eight against defendants Fleming, W. Harrison, Brackett, and Audette for placing plaintiff's safety in danger in violation of the Eighth Amendment; and (5) Count Eleven against defendants Cate, McDonald, Perez, J. Harrison, and Marquez on grounds plaintiff's gang validation was not supported by the evidence presented, in violation of the Fourteenth Amendment.  ECF No. 15 at 2.  The magistrate judge recommended dismissal of Counts Two, Three, Four, Five, Nine, and Ten and defendants Foulk, Kokkonen, Kingston, and Bolls.  ECF No. 16.  This case was transferred to the undersigned (ECF No. 22) prior to the ultimate adoption in full of the findings and recommendations (ECF No. 24).

      Defendants Audette, Fleming, Amero, St. Andre, Marquez, Cate, W. Harrison, J. Harrison, McDonald, Perez, and Brackett moved to dismiss the first amended complaint on the grounds that plaintiff failed to state a claim (1) against defendants Cate, McDonald, Perez, J. Harrison, and Marquez for violating his due process rights during his gang validation; (2) against Cate, McDonald, and Perez as supervisors; (3) against defendants Fleming, Brackett, W. Harrison,[3] Amero, Perez, and Audette for retaliation; (4) against defendants W. Harrison, Brackett, Amero, Perez, Audette, and Fleming for conspiracy to retaliate against him; and (5) against defendants Fleming, Harrison,[4] Brackett, and Audette for violating plaintiff's Eighth Amendment rights.  ECF No. 42-1.  Defendant Murphy filed a separate motion to dismiss the claims against him on the grounds that they did not state a claim upon which relief could be

---

[2]  The complaint did not specify whether this count was against defendant W. Harrison or defendant J. Harrison.
[3]  Defendants do not specify which Harrison (ECF No. 42-1 at 10-12), but plaintiff's retaliation claim was against W. Harrison (ECF No. 14 at 34).
[4]  Defendants do not specify which Harrison.

2

granted. ECF No. 51. Defendant Murphy then filed a second motion to dismiss on the ground that plaintiff had not exhausted his administrative remedies. ECF No. 54-1. Upon completion of briefing, the court granted defendant Murphy's motion to dismiss for failure to state a claim and denied his motion to dismiss for failure to exhaust as moot. ECF Nos. 70, 73. The remaining defendants' motion to dismiss was granted in part and denied in part. Id. The motion was granted as to (1) the first retaliation claim against defendant Fleming based on the allegation that Fleming validated plaintiff as a gang member because of plaintiff's use of derogatory language; (2) the Eighth Amendment claims as to defendants Fleming, Brackett, W. Harrison,[5] Audette, Perez, and St. Andre; (3) the procedural due process claim against defendants Cate, McDonald, Perez, J. Harrison, and Marquez; (4) the substantive due process claim against defendants Cate, McDonald, and Perez; (5) the retaliation claim against defendants Cate and McDonald; and (6) the conspiracy claims as to all remaining defendants. Id. The motion was denied as to plaintiff's second retaliation claim against defendants Fleming, Brackett, W. Harrison, Amero, and Perez and the substantive due process claim against defendants J. Harrison and Marquez. Id.

Following disposition of the motions to dismiss, defendants Fleming, Brackett, W. Harrison, Amero, Perez, J. Harrison, and Marquez answered the complaint (ECF No. 74) and moved for summary judgment after the close of discovery (ECF No. 84). After briefing on the motion for summary judgment was complete, the court ordered supplemental briefing on the impact, if any, of Hinojosa v. Davey, __ F.3d __, 2015 WL 5655883, 2015 U.S. App. LEXIS 17002 (9th Cir. Sept. 25, 2015), and of the 2010 amendment to 15 C.C.R. § 3044(b)(6) on defendants' argument that plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). ECF No. 101.

---

[5] Which defendant Harrison plaintiff was making claims against in Count Six was never explicitly resolved, but because the alleged danger came from plaintiff's prior rape conviction, for the reasons stated in the February 26, 2014 findings and recommendations, the claim fails regardless of which Harrison plaintiff sought to hold accountable in Count Six. See ECF No. 70 at 7-9. Although the court did not reference defendant J. Harrison with respect to the dismissal of the Eighth Amendment claims, to the extent plaintiff may have intended Count Six to lie against J. Harrison, these claims were clearly dismissed. Id. at 13-14.

II.     Plaintiff's Allegations

Plaintiff alleges that defendants Fleming, Brackett, W. Harrison, Amero, and Perez retaliated against him for filing lawsuits against their former supervisor and Perez, by validating him as a member of the Black Guerilla Family (BGF) even though they did not believe that he was a member. ECF No. 14 at 34. Plaintiff also alleges that his substantive due process rights were violated by defendants J. Harrison and Marquez when they validated him as a member of the BGF based on falsified evidence. Id. at 43. He seeks compensatory and punitive damages as well as various forms of injunctive and declaratory relief that include reversing the gang validation and expunging it from his file and restoring his 2012 release date. Id. at 45-47.

III.    Legal Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex, 477 U.S. at 322. "[A] complete failure of proof

4

1  concerning an essential element of the nonmoving party's case necessarily renders all other facts
2  immaterial." Id. at 323. In such a circumstance, summary judgment should be granted, "so long
3  as whatever is before the district court demonstrates that the standard for entry of summary
4  judgment, as set forth in Rule 56(c), is satisfied." Id.

5  If the moving party meets its initial responsibility, the burden then shifts to the opposing
6  party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
7  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish
8  the existence of this factual dispute, the opposing party may not rely upon the allegations or
9  denials of its pleadings but is required to tender evidence of specific facts in the form of
10 affidavits, and/or admissible discovery material, in support of its contention that the dispute
11 exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must
12 demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the
13 suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W.
14 Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the
15 dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the
16 nonmoving party," Anderson, 447 U.S. at 248.

17 In the endeavor to establish the existence of a factual dispute, the opposing party need not
18 establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed
19 factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the
20 truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities
21 Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the
22 pleadings and to assess the proof in order to see whether there is a genuine need for trial."
23 Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

24 "In evaluating the evidence to determine whether there is a genuine issue of fact," the
25 court draws "all inferences supported by the evidence in favor of the non-moving party." Walls
26 v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's
27 obligation to produce a factual predicate from which the inference may be drawn. See Richards
28 v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine

5

issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On February 5, 2015, defendants served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 84. See Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (movant may provide notice) (en banc), cert. denied, 527 U.S. 1035 (1999).

IV.     Defendants' Motion for Summary Judgment

    A.     Arguments of the Parties

        1. Defendants

Defendants move to dismiss the first amended complaint on the grounds that the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and on the grounds that they did not violate plaintiff's rights under the First and Fourteenth Amendments. ECF No. 84-1. Specifically, defendants argue that plaintiff's claims are barred by Heck because in seeking to overturn and expunge his gang validation, plaintiff seeks an earlier release date. Id. at 11-12. They also argue that they did not retaliate against plaintiff because they did not know about the lawsuit he claims was the motivation for the retaliation, the evidence was not fabricated, and defendants W. Harrison, Perez, Amero, and Fleming did not personally participate in gathering evidence to validate plaintiff. Id. at 12-14, 16-17. As to plaintiff's due process claim, defendants argue that plaintiff's due process rights were not violated because there was some evidence to support the validation, and the evidence relied on was not fabricated. Id. at 13-16. Defendants alternatively argue that they are entitled to qualified immunity. Id. at 17-18.

        2. Plaintiff

Plaintiff opposes the motion on the grounds that the evidence against him was clearly fabricated and insufficient to support his gang validation. ECF No. 97 at 1-23. He also argues that this case does not need to be brought as a habeas action because it does not involve a mistake by the court. He asserts that because of the gang validation he will not be released until 2017

6

when he was supposed to be released in 2012. Id. at 6-7.

B.     Heck Bar

State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; their sole remedy for unconstitutional custody lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations omitted); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Often referred to as the favorable termination rule or the Heck bar,[6] this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement — either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. Heck does not apply when a "prisoner challenge[s] administrative determinations that did not 'raise any implication about the validity of the underlying conviction' or 'necessarily' affect 'the duration of time to be served,' because such a challenge 'raise[s] no claim on which habeas relief could have been granted on any recognized theory.'" Nettles v. Grounds, 788 F.3d 992, 1000 n.6 (9th Cir. 2015) (quoting Muhammad v. Close, 540 U.S. 749, 754-55 (2004)).

Plaintiff alleges in his first amended complaint that he was validated as a member of the BGF prison gang on March 10, 2010, based on insufficient and fabricated evidence that was the result of retaliation. ECF No. 14 at 7-9, 34, 43. He claims that as a result of his validation he was placed in the security housing unit (SHU) and because of his validation and Senate Bill X3-18,[7] his release date was changed. Id. at 7, 31. He seeks to have the validation overturned and

---

[6] Heck v. Humphrey, 512 U.S. 477 (1994).
[7] Senate Bill X3-18 is Senate Bill 18 from the California 2009 Legislative Service, Third Extraordinary Session.

7

1   expunged and his previous 2012 release date reinstated.[8]  Id. at 45-46.

2         In their motion for summary judgment, defendants argue that because plaintiff is seeking

3   an earlier release date, he is clearly challenging both the legality and duration of his custody and

4   this action is therefore barred by Heck.  ECF No. 84-1 at 11-12.  The court notes that defendants

5   neither provide nor cite to evidence that would confirm that plaintiff's validation increased his

6   time in prison or that overturning the validation would result in an earlier release date.

7         In his opposition to the motion for summary judgment, plaintiff re-iterates that his gang

8   validation added time to his sentence and alleges that defendants told him they would use the new

9   law that went into effect on January 25, 2010, to take away the time credits he had already earned.

10  ECF No. 97 at 7-8.  To support his position plaintiff attaches a calculation worksheet that shows

11  he was sentenced to a determinate sentence and that prior to his validation on March 10, 2010, he

12  was earning one day of credit for each day served.  Id. at 26-27.  He also attaches a copy of

13  California Penal Code § 2933.6(a) (id. at 50), which was amended by Senate Bill X3-18, 2009

14  Cal. Legis. Serv. 3rd Ex. Sess. Ch. 28 (S.B. 18) (West); see also Gomez v. Lewis, No. 12-cv-

15  02338-JD, 2015 WL 5029165, at *1, 2015 U.S. Dist. LEXIS 112584, at *1-2 (N.D. Cal. Aug. 25,

16  2015) (summarizing changes made to Cal. Penal Code § 2933.6(a) as a result of Senate Bill X3-

17  18).

18        Senate Bill X3-18 amended California Penal Code § 2933.6(a) so that inmates who were

19  housed in a SHU and validated as a prison gang member could not accrue work time credits and

20  went into effect on January 25, 2010.  Id.  The Ninth Circuit Court of Appeals recently held in

21  Hinojosa v. Davey that the amended § 2933.6 violates the Ex Post Facto Clause as applied to

22  prisoners "who committed their underlying criminal conduct before the amendment's enactment."

23  __ F.3d __, 2015 WL 5655883, at *9, 2015 U.S. App. LEXIS 17002, at *28.  After finding that §

24  2933.6 violated the Ex Post Facto Clause, it ordered the district court to issue a writ of habeas

25  corpus directing the state to release the petitioner "on the date he would have been released under

---

[8] Plaintiff originally sought release from the SHU (ECF No. 14 at 45), but states in his opposition that he no longer seeks that relief because he is no longer housed in the SHU (ECF No. 97 at 20).

the version of § 2933.6 that was in place prior to January 25, 2010." Id. at *9; 2015 U.S. App. LEXIS 17002, at *28-29.

Evidence before the court shows that up to the date of his validation on March 10, 2010, plaintiff was earning work time credits at a rate of one day of credit for each day served (ECF No. 97 at 26-27) and if not for his gang validation presumably would have continued to be eligible to accrue credits at that rate regardless of his placement in a SHU.[9] The evidence presented also shows that plaintiff is serving a determinate sentence (ECF No. 97 at 26) and though it is not explicitly stated, it appears that plaintiff committed his underlying offense prior to the amendment of § 2933.6. Therefore, were the CDCR to apply Hinojosa to all inmates validated as gang members who committed their underlying criminal conduct before the amendment's enactment, it appears that any time credits plaintiff may have lost as a result of his validation would be credited back, and overturning his gang validation would have no effect on his release date. However, based on defendants' supplemental briefing, it appears that the CDCR does not intend to restore time credits to any inmates pursuant to Hinojosa absent the inmate pursuing such relief through the filing of a habeas petition. ECF No. 102.

Because the evidence shows that overturning and expunging plaintiff's gang validation under present circumstances would result in the restoration of time credits and an earlier release date, plaintiff's claims are barred by Heck and must be dismissed.

V. Conclusion

Because the court has determined that plaintiff's claims are barred by Heck, it declines to reach defendants' other arguments. For the reasons set forth above, defendants' motion for summary judgment should be granted.

---

[9] Prior to the changes implemented by Senate Bill X3-18, inmates validated as prison gang members and housed in a SHU had the ability to accrue work time credits at the same reduced rate as other inmates housed in a SHU. 2010 CA REG TEXT 214330 (Netscan) (Feb. 12, 2010). The implementation of Senate Bill X3-18 led to the amendment of 15 C.C.R. § 3044(b)(6) to increase the credit accrual rate of inmates assigned to a SHU from one day of credit for every two days served to one day of credit for every one day served. Id. Therefore, after Senate Bill X3-18, it does not appear that plaintiff's placement in a SHU would have affected the rate at which he could accrue work time credits, but for his validation as a gang member.

1  IT IS HEREBY RECOMMENDED that:

2  1.  Defendants' motion for summary judgment (ECF No. 84) be granted and the first amended complaint be dismissed as barred by Heck.

4  2.  Judgment be entered in favor of defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE