UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL, | No. 2:12-cv-0234 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. FLEMING, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, has filed a request for reconsideration of the district court's order, filed December 23, 2015, granting defendants' motion for summary judgment (ECF No. 105). ECF No. 108. Plaintiff contends that on November 16, 2015, he submitted a timely request to extend his time to file objections to the November 2, 2015 findings and recommendations. Id. at 1-2. Plaintiff states that he was released from custody the following day and speculates that the court never received his motion because staff in the mailroom must have discarded it when they could not verify that he was housed at the prison. Id. at 2. Plaintiff requests that the case be reinstated or alternatively that the court accept his notice of appeal. Id. at 2-3.

"[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th

1

Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)).  The motion "is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise." Moore v. Mortgage Elec. Registration Sys., Inc., 2016 WL 2897943 at *1 n.1 (9th Cir. May 18, 2016) (citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)).  Since plaintiff's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

In his motion, plaintiff asserts that he submitted a timely request to extend his time to file objections and speculates that his release from custody the following day led to the motion being discarded by prison staff.  ECF No. 108 at 1-2.  Defendants do not address plaintiff's claim that he submitted a timely motion for extension to prison staff prior to his release.  ECF No. 109.  Although plaintiff did not file a copy of his objections with his motion for reconsideration, he has since submitted them.  ECF No. 111.

Since it appears that plaintiff may have timely requested an extension of his time to file objections to the November 2, 2015 findings and recommendations, this court has conducted a de novo review of this case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304.  Having carefully reviewed the entire file, the court finds that plaintiff's objections merely rehash his previous arguments.

///

The court re-affirms that the findings and recommendations were supported by the record and by proper analysis.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order filed December 23, 2015 (ECF No. 105), is AFFIRMED.

IT IS SO ORDERED.

Dated: August 12, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE